**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT<br>1000 Vermont Ave.  NW, Suite 1100<br>Washington, DC 20005<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY<br>1200 Pennsylvania Ave., N.W.<br>Washington, DC 20460<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 17-2490 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      Plaintiff, the Environmental Integrity Project (EIP or "Plaintiff"), seeks declaratory and injunctive relief to remedy violations of the Freedom of Information Act (FOIA or "Act"), 5 U.S.C. § 552, by Defendant, the U.S. Environmental Protection Agency (EPA or "Defendant"), for failure to respond to Plaintiff's September 19, 2017 FOIA requests (EPA-HQ-2017-011628 and EPA-R10-2017-011630) and September 27, 2017 FOIA request (EPA-HQ-2017-011836) within 20 working days as mandated by the statute, and produce the records improperly withheld.

## JURISDICTION

2.      This action arises under the citizen suit provision of the Freedom of Information

Act.  5 U.S.C. § 552(a)(4)(B).

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331.

4.      This Court is a proper venue for all FOIA actions.  5 U.S.C. § 552(a)(4)(B); *In re*

*Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983).

5.      FOIA provides that this Court may issue a declaratory judgment, provide

injunctive relief from withheld records and to order production of such records, and grant other

equitable relief as the Court may deem just and proper.  5 U.S.C. § 552(a)(4)(B); *Payne*

*Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The FOIA imposes no

limits on courts' equitable powers in enforcing its terms.") (*citing Renegotiation Bd. v.*

*Bannercraft Clothing Co., Inc*., 415 U.S. 1, 19-20 (1974) ("With the express vesting of equitable

jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary

purpose, that Congress sought to limit the inherent powers of an equity court.")).

6.      This Court has jurisdiction to hear this claim, as Plaintiff has exhausted its

administrative remedies through EPA's failure to respond within 20 working days (or 30

working days if the ten day extension was properly invoked) as required by law.  5 U.S.C. §

552(a)(6)(A)(i).  Under FOIA, requesters "shall be deemed to have exhausted his administrative

remedies with respect to such request if the agency fails to comply with the applicable time limit

provisions . . . ."  5 U.S.C. § 552(a)(6)(C)(i).

7.      This Court may award attorney fees and litigation costs pursuant to 5 U.S.C.

§ 552(a)(4)(E).

## PARTIES

8.      Plaintiff EIP is a nonpartisan, nonprofit organization founded in 2002 by former

EPA enforcement attorneys to advocate for more effective enforcement of environmental laws.

EIP's three main objectives are: to illustrate through objective facts and figures how the failure

to enforce or implement environmental laws increases pollution and affects the public's health;

to hold federal and state agencies, as well as individual corporations, accountable for failing to

enforce or comply with environmental laws; and to help local communities in key states obtain

the protection of environmental laws.  Consistent with our mission, we submit FOIA requests

from time to time for records that may indicate the extent to which EPA is taking appropriate and

timely enforcement against facilities and persons with documented violations of federal

environmental law.

9.      Defendant EPA is a government agency responsible for protecting human health

and the environment.  Defendant EPA has possession, custody, and control of records to which

Plaintiff EIP seeks access.  Defendant EPA is headquartered at 1200 Pennsylvania Avenue NW,

Washington, DC 20460.

## LEGAL BACKGROUND

### EPA's Requirements to Respond to FOIA Requests

10.      FOIA requires that an agency "shall determine within 20 [working] days . . . after

the receipt of any [FOIA] request whether to comply with such request and shall immediately

notify the person making such request of such determination and the reasons therefor; the right

of such person to seek assistance from the FOIA Public Liaison of the agency; and in the case of

adverse determination – the right of such person to appeal…[or] to seek dispute resolution

services from the FOIA Public Liaison. . . ."  5 U.S.C. § 552(a)(6)(A)(i).  In "unusual

circumstances" the time limits may be extended by written notice, which must include "the date

on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i).  This

extension notice may not "specify a date that would result in an extension for more than ten

working days" unless defendant invokes a narrow exception, wherein the agency reasonably asks

the requester to narrow the scope of his or her inquiry.  *Id*.  Thus, the statute mandates that an

agency shall respond with a determination within 20 working days after receiving a FOIA

request unless the agency in writing properly invokes the up to ten working day extension due to

"unusual circumstances".  *Id.*

11.     Upon any request for records, an agency shall make the records "promptly

available."  5 U.S.C. § 552(a)(3)(A); *see also* 40 C.F.R. § 2.104(f) ("Once an office makes a

determination to grant a request in whole or in part, it will release the records or parts of

records…").

**Exhaustion of Administrative Remedies**

12.     FOIA provides that "[a]ny person making a request to any agency for records

under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his

administrative remedies with respect to such request if the agency fails to comply with the

applicable time limit provisions . . . ."  5 U.S.C. § 552(6)(C)(i).

**FACTUAL BACKGROUND**

**September 19, 2017 FOIA Request Re Torrance Refinery**

13.     On September 19, 2017, Plaintiff submitted a FOIA request, including a request

for fee waiver, using the federal government's FOIAonline website, seeking Resource

Conservation and Recovery Act (RCRA) records from EPA, including inspection reports, notices

of violation (or other correspondence related to the identification of violations), and related

correspondence regarding the Torrance Refinery Company, LLC, located in Torrance,

California.  The FOIA was directed to EPA Headquarters, specifically, the Office of

Enforcement and Compliance Assurance (OECA), and the National Enforcement Investigations

Center (NEIC), and Region 9 (September 19, 2017) (Ex. A).  In the "Description" box of the

FOIAonline portal, EIP stated: "Please see attached letter.  This FOIA is directed to HQ's OECA

and NEIC as well as Region 9."

14.     EPA confirmed that it received the request on September 19, 2017.  The FOIA

tracking number for this request is EPA-2017-011628.  The confirmation email confirms that

EIP clearly stated "This FOIA is directed to HQ's OECA and NEIC as well as Region 9" in the

Description box of the FOIAonline portal.  EPA Receipt Confirmation Email to EIP (September

19, 2017) (Ex. B).

15.     That same day, EPA sent another email to notify EIP that the tracking number for

the FOIA had been changed to EPA-HQ-2017-011628.  EPA Change of Tracking Number Email

to EIP (September 19, 2017) (Ex. C).

16.     On September 27, 2017, EIP received an email from EPA granting EIP's request

for a fee waiver. EPA Letter to EIP Granting Fee Waiver Request (September 27, 2017) (Ex. D).

17.     On October 3, 2017, EIP received an email from EPA stating that the Office of

Criminal Enforcement, Forensics, and Training, of which NEIC is a part, had no responsive

documents.  The email makes no mention of OECA's or Region 9's review or determination.

EPA Email from Isabelle Pettiford to EIP Regarding NEIC's Determination of FOIA Request

(October 3, 2017 (Ex. E).

18.     A series of follow-up emails from EIP to various EPA staff asking the status of the determination for the remaining offices (OECA and Region 9) were exchanged on October 3, 2017 (where EPA assured EIP that the FOIA was being forwarded to OECA and Region 9), as well as November 1, 2017, November 6, 2017, November 9, 2017, November 13, 2017, and November 14, 2017.  EPA then contacted EIP regarding this FOIA by telephone on November 16, 2017.

19.     As of at least November 6, 2017, the FOIA has been listed as "closed" on FOIAonline and remains so as of the date of this filing.

20.     To date, EIP has received no determination letter, request for clarification, or notification of or request for extension from EPA regarding the portion of the FOIA directed to OECA and Region 9.

21.     More than 20 working days have transpired since the FOIA was filed – in fact, 42 working days (as of November 17, 2017) have transpired since the FOIA was filed and the receipt of same acknowledged by EPA on September 19, 2017.

**September 19, 2017 FOIA Request Regarding Shell Puget Sound Refinery**

22.     On September 19, 2017, Plaintiff submitted a FOIA request, including a request for fee waiver, using the federal government's FOIAonline website, seeking RCRA records from EPA, including inspection reports, notices of violation (or other correspondence related to the identification of violations), and related correspondence regarding the Shell Puget Sound Refinery located in Anacortes, Washington.  The FOIA was directed to EPA Headquarters, specifically, OECA and NEIC, and Region 10 (September 19, 2017) (Ex. F).  In the "Description" box of the FOIAonline portal, EIP stated: "Please see attached letter.  This is a request to EPA HQ's OECA and NEIC as well as Region 10."

23.     EPA confirmed that it received the request on September 19, 2017.  The FOIA tracking number for this request is EPA-HQ-2017-011630.  EPA Receipt Confirmation Email to EIP (September 19, 2017) (Ex. G).

24.     On September 27, 2017, EIP received a letter from EPA granting EIP's request for a fee waiver. EPA Letter to EIP Granting Fee Waiver Request (September 27, 2017) (Ex. H).

25.     On November 7, 2017, EIP received an email notification from EPA stating that the FOIA tracking number had been changed to EPA-R10-2017-011630.  EPA Change of Tracking Number Email to EIP (Ex. I).

26.     To date, EIP has received no determination letter, request for clarification, or notification of or request for an extension from EPA regarding the FOIA.

27.     More than 20 working days have transpired since the FOIA was filed – in fact, 42 working days (as of November 17, 2017) have transpired since the FOIA was filed and the receipt of same acknowledged by EPA on September 19, 2017.

**September 27, 2017 FOIA Request Regarding Region 9 Refineries**

28.     On September 27, 2017, Plaintiff submitted a FOIA request, including a request for fee waiver, using the federal government's FOIAonline website, seeking RCRA records from EPA, including inspection reports, notices of violation (or other correspondence related to the identification of violations), and related correspondence regarding all refineries located in Region 9 (September 27, 2017) (Ex. J).  The FOIA was directed to EPA Headquarters, specifically, OECA and NEIC, and Region 9.  In the "Description" box of the FOIAonline portal, EIP stated: "This is a FOIA directed at both Region 9 and HQ – because I [EIP's Mary Greene] can't select both, I selected HQ.  Please see attached letter."

7

29.     EPA confirmed that it received the request on September 27, 2017.  The FOIA tracking number for this request is EPA-HQ-2017-011836.  The confirmation email confirms that EIP clearly stated "This is a FOIA directed at both Region 9 and HQ – because I [EIP's Mary Greene] can't select both, I selected HQ.  Please see attached letter."  EPA Receipt Confirmation Email to EIP (September 19, 2017) (Ex. K).

30.     On October 31, 2017, EIP received an email from EPA regarding EIP's request for a fee waiver wherein EPA stated that "the total fee that would be incurred in processing this request does not reach a billable amount.  The Environmental Protection Agency will be responding to your information request."  EPA Letter to EIP Regarding Fee Waiver Request (October 31, 2017) (Ex. L).

31.     Follow-up emails from EIP to EPA staff regarding the status of the FOIA were sent on November 6, 2017 and November 9, 2017.  EPA then contacted EIP regarding this FOIA by telephone on November 16, 2017.

32.     As of at least November 6, 2017, the FOIA has been listed as "closed" on FOIAonline and remains so as of the date of this filing.

33.     To date, EIP has received no determination letter, request for clarification, or notification of a ten working day extension from EPA regarding this FOIA.

34.     More than 20 working days have transpired since the FOIA was filed – in fact, 36 working days (as of November 17, 2017) have transpired since the FOIA was filed and the receipt of same acknowledged by EPA on September 27, 2017.

## CLAIM FOR RELIEF:

## VIOLATION OF 5 U.S.C. § 552

35.     Plaintiff re-alleges and incorporates paragraphs 1 through 34.

36.     Plaintiff has a statutory right to have EPA process Plaintiff's FOIA requests and to receive notice of EPA's determination whether to comply with Plaintiff's requests within the timeframes mandated by the Act, and to have the requested records made promptly available to Plaintiff.

37.     Defendant's failure to timely respond to Plaintiff's FOIA request is an improper withholding of requested records and a violation of the FOIA requirement that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. § 552(a)(6)(A)(i).  FOIA then requires that "each agency, upon any request for records… make the records promptly available…"  5 U.S.C. § 552(a)(3)(A).

38.     This delay is unreasonable in light of the fact that the records EIP is requesting are possessed by EPA and readily accessible by the Agency.

39.     EIP is unable to obtain the requested records directly from alternate sources because the requested materials were produced or held by EPA.

40.     EPA's disregard of its duty to release the documents requested has harmed and will continue to harm Plaintiff until EPA is compelled to comply with FOIA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Declare Defendant's failure to timely respond to Plaintiff's requests to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)-(B).

B.     Order Defendant to respond to Plaintiff's September 19, 2017 and September 27, 2017 FOIA requests.

C.      Order Defendant to immediately provide Plaintiff with all records responsive to

Plaintiff's FOIA requests.

D.      If EPA's response to any portion of the three FOIA requests claims that any

records or portions of records are exempt from disclosure, order Defendant to provide a

reasonable basis for its exemptions in satisfaction of the *Vaughn v. Rose* requirements.[1]

E.      Award Plaintiff its costs of this action, including reasonable attorney fees

pursuant to 5 U.S.C. § 552(a)(4)(E).

F.      Retain jurisdiction to ensure compliance with the Court's decree.

G.      Grant such other relief as the Court deems just and proper.

DATED:        November 17, 2017

Respectfully submitted,

/s/ Mary E. Greene
Mary E. Greene, DC Bar No. 987644
Environmental Integrity Project
1000 Vermont Ave., Suite 1100
Washington, DC 20005
(202) 263-4449
mgreene@environmentalintegrity.org

*Counsel for Environmental Integrity Project*

---

[1] 484 F.2d 820 (D.C. Cir. 1973).